UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE D. GOMEZ RODRIGUEZ,

    Petitioner,

v.                                  Case No.:  2:25-cv-01115-SPC-NPM

KRISTI NOEM *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

    Before the Court are Jose D. Gomez Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).  For the below reasons, the Court grants the petition.

    Gomez Rodriguez is a native and citizen of Mexico.  He entered the United States without inspection in September 2002.  He has three U.S. citizen children and no criminal record other than traffic offenses.  Gomez Rodriguez was arrested on November 11, 2025, during a traffic stop on his way to work.  He was transferred to the custody of the Department of Homeland Security ("DHS") and detained by Immigration and Customs Enforcement ("ICE") at Alligator Alcatraz without a bond hearing.  He has since been transferred to the Denver Contract Detention Facility in Colorado.  Martinez Garcia argues he is entitled to an individualized bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Gomez Rodriguez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Gomez Rodriguez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.[1] As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

---

[1] The respondents also argue the Court should dismiss this action because he is part of a class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873-SSS-BFM (C.D. Cal.). But as the *Maldonado Bautista* court recently acknowledged, it has no jurisdiction to consider habeas claims that do not arise in its district. --- F. Supp. 3d ---, ---, 2025 WL 3713987, at *29-32 (C.D. Cal. Dec. 18, 2025). Rather, the court entered declaratory judgment in favor of the class and set aside a DHS guidance under the Administrative Procedures Act. *Maldonado Bautista* does not preclude the petitioner from seeking habeas relief from this Court.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Gomez Rodriguez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Gomez Rodriguez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Gomez Rodriguez before an immigration judge for a bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Gomez Rodriguez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Gomez Rodriguez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jose D. Gomez Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Gomez Rodriguez for an individualized bond hearing before an immigration judge or (2) release Gomez Rodriguez under reasonable conditions of supervision. If the respondents release Gomez Rodriguez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 31, 2025.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1